UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TADARIUS RASHARD JOHNSON,

        Petitioner,

                              CASE NO. 13-13680
v.                              HON. VICTORIA A. ROBERTS

LLOYD RAPELJE,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY** (Dkt. #10)
**AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

      This is a habeas corpus case under 28 U.S.C. § 2254. Petitioner Tadarius Rashard Johnson filed his habeas petition in 2013. He now wants the Court to hold his habeas petition in abeyance while he pursues state remedies. For the reasons given below, the Court grants Petitioner's motion and closes this case for administrative purposes.

### I. Background

      In 2010, a jury in Wayne County, Michigan found Petitioner guilty of two counts of first-degree criminal sexual conduct. *See* Mich. Comp. Laws § 750.520b(1)(a) (sexual penetration of a person under thirteen years of age) and Mich. Comp. Laws § 750.520b(1)(c) (sexual penetration of a person during the commission of another felony). The underlying felony for the second count was disseminating sexually explicit matter to a minor. On February 11, 2010, the state trial court sentenced Petitioner to imprisonment for concurrent terms of five to fifteen years and twenty-five to thirty-seven and a half years.

In an appeal of right, Petitioner argued that: (1) his convictions should be reversed because the prosecutor failed to prove the requisite elements of the crimes beyond a reasonable doubt; (2) the trial court deprived him of a fair trial by refusing to instruct the jury on accomplices, and defense counsel was ineffective for choosing an immunity jury instruction instead of one on accomplice testimony; and (3) the "any other felony" language of Mich. Comp. Laws § 750.52b(c)(1) is unconstitutionally void for vagueness. On January 10, 2012, the Michigan Court of Appeals affirmed Petitioner's conviction for sexual penetration of a person under thirteen years of age, but reversed Petitioner's conviction for penetration of a person during the commission of another felony. As to the reversed conviction, the Court of Appeals remanded the case to the trial court for entry of a conviction on the lesser offense of disseminating sexually explicit matter to a minor, Mich. Comp. Laws § 722.675(1)(b). *See People v. Johnson*, 295 Mich. App. 165; 814 N.W.2d 295 (2012).

Petitioner applied for leave to appeal in the Michigan Supreme Court, raising the same claims that he presented to the Michigan Court of Appeals. He also raised two new claims regarding the prosecutor's alleged suppression of impeachment evidence and defense counsel's alleged failure to perform a thorough pretrial investigation and failure to request or consult an expert. Petitioner claimed that the prosecutor's suppression of evidence impeded trial counsel's performance and that the cumulative effect of errors deprived him of a fair trial. On September 19, 2012, the state supreme court denied Petitioner's application for leave to appeal and the State's cross appeal, because it was not persuaded to review the issues. *See People v. Johnson*, 493 Mich. 852; 820 N.W.2d 506 (2012).

In August of 2013, Petitioner filed his habeas corpus petition. He raises the same three claims that he presented to the Michigan Court of Appeals, regarding the sufficiency of the evidence, the lack of a jury instruction on accomplice testimony and defense counsel's failure to request such an instruction, and the constitutionality of Mich. Comp. Laws § 750.520b(c)(1). On March 18, 2014, respondent Lloyd Rapelje filed an answer to the petition, arguing that Petitioner's claims are moot, are not cognizable on habeas review, or are meritless. On August 8, 2014, Petitioner filed the pending motion for a stay and to hold his habeas petition in abeyance.

## II. Discussion

In his motion for a stay, Petitioner asks the Court to hold his habeas petition in abeyance while he returns to state court and pursues state remedies. He anticipates filing a motion for relief from judgment in which he will raise the two issues that he presented only to the Michigan Supreme Court. These claims allege that the prosecutor suppressed impeachment evidence and that trial counsel failed to thoroughly investigate the case and failed to request or consult an expert witness. Petitioner also wants to raise an additional claim of ineffective assistance of appellate counsel.

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state courts before raising their claims in a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir.), *cert. denied*, 133 S. Ct. 535 (2012). "Fair presentation" means that a prisoner must present the factual and legal basis for each claim to the state court of appeals and to the state supreme court before raising the claim in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

3

Petitioner wants to pursue state remedies for the two claims that he presented to the Michigan Supreme Court, but not the Michigan Court of Appeals, and one claim (ineffective assistance of appellate counsel) that he did not raise in either state appellate court. A dismissal of this case while Petitioner pursues state remedies for these unexhausted claims could preclude consideration of a second or subsequent habeas petition due to the expiration of the one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). To avoid a similar dilemma, some courts have adopted a "stay-and-abeyance" procedure in which a federal court stays an action and holds a habeas petition in abeyance while the inmate returns to state court to exhaust state remedies for previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). After the petitioner exhausts state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Id*. at 275-76. A stay is available in "limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner is not "engage[d] in abusive litigation tactics or intentional delay." *Id*. 277-78.

Petitioner's unexhausted claims (suppression of evidence and ineffective assistance of trial and appellate counsel) ultimately may not warrant habeas relief, but they are not plainly meritless. Furthermore, Petitioner is not engaged in abusive litigation tactics, he implies that appellate counsel was "cause" for his failure to raise all his claims in the appeal of right, and he has an available state remedy to exhaust, namely, a motion for relief from judgment. *See* Subchapter 6.500 of the Michigan Court Rules. Under the circumstances, it is not an abuse of discretion to stay this case while Petitioner pursues additional state remedies. The Court therefore grants Petitioner's motion for a stay and to hold his habeas

4

corpus petition in abeyance (Dkt. #10) and orders the Clerk of the Court to close this case for administrative purposes.

As a condition of this stay, Petitioner shall file a motion for relief from judgment in the state trial court within **ninety (90) days** of the date of this order. If he is unsuccessful in state court, he may return to this Court and file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appears on this order. An amended petition and motion to re-open this case must be filed within **ninety (90) days** of exhausting state remedies. Failure to comply with the conditions of this stay could result in the dismissal of the amended petition. *Calhoun v. Bergh*, 769 F.3d 409, 411(6th Cir. 2014), *petition for cert. filed*, No. 14-7246 (U.S. Nov. 7, 2014).

S/Victoria A. Roberts  
VICTORIA A. ROBERTS  
UNITED STATES DISTRICT JUDGE

Dated: 12/10/2015